# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.  Case No: 8:11-cr-12-T-27AEP

**DENNIS JAMES JOHNSON**

_____/

## ORDER

**BEFORE THE COURT** is Defendant Johnson's *pro se* "Request for Compassionate Release and/or Modification or Reduction of Sentence Pursuant to 3582(c)(1)(A)." (Dkt. 238). No response is necessary. The motion is **DENIED**.

Johnson pleaded guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced to 248 months imprisonment, which included a consecutive 5-year sentence for the § 924(c) conviction, to be followed by 5 years of supervised release. (Dkt. 120). He now seeks a sentence reduction based on what he contends are "extraordinary and compelling reasons." (Dkt. 238 at 4). Specifically, he asserts that "[a] review of [his] medical records, and considering [his] medical conditions, along with [his] age, and the current state of existence within this prison and it becomes clear that the movant is at great risk of contracting a severe illness or even death." (Id. at 6). He further contends that "his medical records show that there has been a constant deterioration in [his] physical health." (Id. at 3). His contentions, however, are without merit.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step

Act of 2018, § 603(b). While Johnson claims that he petitioned the warden to consider his request for compassionate release and that the request was denied, he does not provide supporting documentation. (Dkt. 238 at 4). Accordingly, he has not shown that he exhausted his administrative remedies as to the contentions he now raises. *See* 18 U.S.C. § 3582(c)(1)(A).[1]

Even if Johnson did exhaust his administrative remedies, he has not shown extraordinary and compelling reasons warranting a modification of his sentence. Indeed, while the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the Bureau of Prisons. § 1B1.13, cmt. n.1.

None of the circumstances offered by Johnson fall within these circumstances. Although he provides inmate medical records in support of his asserted medical conditions (Dkt. 238-2), he does not assert or provide documentation demonstrating that he suffers from a terminal illness or that his medical conditions substantially diminish his ability to provide self-care. *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is

---

[1] *See United States v. Gray*, No. 2:01-00007, 2020 WL 2132948, at *6 (S.D. Ala. May 4, 2020) ("[Defendant] has not presented any evidence that she made a request to the Warden for compassionate release based on her asthma and fear of exposure to Covid 19. Since she has not complied with the statute, the Court lacks authority to consider her motion.").

2

unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated"). And courts in this Circuit have found that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020).

In sum, because Johnson has not exhausted the administrative remedies available to him, this Court is without authority to consider the merits of his release request. Moreover, his reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are, therefore, not consistent with the policy statement in § 1B1.13. Accordingly, because he has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, the Court is without authority to grant relief, and the motion for sentence reduction is **DENIED**.

**DONE AND ORDERED** this 27th day of August, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:    Defendant, Counsel of Record