UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                              Case No: 8:11-cr-12-T-27AEP

DENNIS JAMES JOHNSON
_____/

## ORDER

**BEFORE THE COURT** are Defendant's *pro se* Request for Compassionate Release Pursuant to 18 U.S.C. 3582 (Dkt. 240), his construed motion to compel medical records (Dkt. 241), the United States' responses (Dkt. 243; Dkt. S-246), and Defendant's replies and notices to the Court (Dkts. 247, 248, 249, 250). Upon consideration, the motion (Dkt. 240) is **DENIED**.

This Court denied Johnson's prior motion for compassionate release since he had not identified any extraordinary and compelling reasons to warrant release. (Dkt. 239). In this renewed motion, he again seeks a sentence reduction based on "extraordinary and compelling reasons." (Dkt. 240 at 1, 4). Specifically, he contends "that the existence of the COVID-19 virus within the institution presents extraordinary and compelling reasons why this honorable court should issue an order granting the instant motion." (Id. at 3-4). In support of his contention, Johnson asserts that after filing his first motion for compassionate release, he contracted COVID-19 and was placed in quarantine. (Id. at 5-6). He further asserts that he "was also instructed that the Bureau of Prisons could not provide[ ] the necessary treatment to prevent further harm associated with the virus." (Id. at 6). He requests a reduction in sentence to "allow [him] to receive the proper medical treatment to save his life." (Id. at 7). His contentions, however, are without merit.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available

1

to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Indeed, Johnson provides documentation reflecting that on June 23, 2020, he requested consideration for compassionate release based on his age, medical conditions, and COVID-19. (Dkt. 248-1 at 4-6). Notwithstanding, Johnson fails to demonstrate that before filing this renewed motion, he presented his new concerns to the Warden. Accordingly, Johnson has not demonstrated that he has exhausted his administrative remedies as to his renewed request for compassionate release. And this exhaustion requirement cannot be waived.[1]

As the United States correctly contends, even if he did exhaust his administrative remedies, Johnson again fails to identify an extraordinary and compelling circumstance to warrant a sentence reduction. First, nothing in his medical records[2] indicates that he is suffering from a terminal illness or that his medical conditions "substantially diminish[ his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."[3]

---

[1] *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic"); *United States v. Kranz*, No. 2:18-CR-14016, 2020 WL 2559551, at *2-3 (S.D. Fla. May 20, 2020) (noting that district courts are split on whether a court may waive the exhaustion requirement in § 3582(c)(1)(A) and finding that, in the Eleventh Circuit, courts "cannot excuse a defendant's failure to exhaust administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A)"); *United States v. Gray*, No. 2:01-00007, 2020 WL 2132948, at *6 (S.D. Ala. May 4, 2020) ("[Defendant] has not presented any evidence that she made a request to the Warden for compassionate release based on her asthma and fear of exposure to COVID 19. Since she has not complied with the statute, the Court lacks authority to consider her motion.").

[2] In his construed motion to compel, Johnson contends that he has been denied access to his medical records and requests an "order directing the administration to furnish the court with the above mention medical records, and [his] administrative request for compassionate release." (Dkt. 241 at 2). After being directed to respond, the United States provided Johnson's medical records reflecting his positive test for COVID-19. *See* (Dkts. S-246, S-246-1). Moreover, Johnson has provided his administrative request for compassionate release. *See* (Dkts. 248, 248-1). Accordingly, the construed motion to compel (Dkt. 241) is denied as moot.

[3] *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").

U.S.S.G. § 1B1.13, cmt. n.1. Second, although the medical records establish that he contracted COVID-19, they reflect that he remained asymptomatic, had no complaints, and was clinically stable throughout the duration of the illness.[4] *See* (Dkt. S-246-1 at 1-31). Indeed, Johnson fails to demonstrate any medical condition that would satisfy the requirements for release, nor does he provide any evidence that his health is deteriorating, much less from COVID-19. *See United States v. Roundtree*, No. 14-cr-20206-BB, 2020 WL 5819541, at * 4 (S.D. Fla. Sept. 30, 2020) (denying defendant's motion for compassionate release where he contracted COVID-19, remained asymptomatic, did not require hospitalization, was quarantined, and received regular medical examinations and tests). Last, to the extent he contends that this Court has the discretion to determine whether he has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13 (Dkt. 240 at 3-4), courts in this Circuit have rejected this contention. *See, e.g.*, *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019).

---

[4] Despite what his medical records indicate, Johnson asserts that before testing positive for COVID-19 he was experiencing "a high fever for 102.5, [diarrhea], headaches, and vomiting, and difficulty breathing." (Dkt. 250 at 7). After testing positive, he contends that he lost his sense of taste and smell, had problems breathing, had "increasing problems with [his] lungs and heart which made [him] stop the exercising that [he] had been doing to help control [his] diabetes, [his] high blood pressure, and the obesity, and the hypertension." (Dkt. 247 at 2-3). These assertions, however, are largely unsupported and in any event, do not establish that Johnson is currently experiencing a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13; *see also Heromin*, 2019 WL 2411311, at *1-2. Moreover, although he asserts that his "health has continued to deteriorate" (Dkt. 247 at 3), Johnson has provided no evidence that supports a reduction in sentence. *See United States v. Walker*, No. 2:17-cr-539-RDP-SGC, 2020 WL 5258287, at * 3 (N.D. Ala. Sept. 3, 2020) (denying compassionate release to an inmate who contracted COVID-19 but failed to demonstrate that "he is at higher risk or would otherwise be better off were he released from incarceration now."). He further provides affidavits from two fellow inmates who aver that the BOP refused to provide inmates with their medical records and further refused quarantined inmates requests to see the doctor. (Dkts. 249-1, 249-2). Even if true, however, such averments do not constitute extraordinary and compelling circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes.

Accordingly, Johnson's assertions do not constitute an extraordinary and compelling reason to warrant compassionate release. The motion (Dkt. 240) is therefore **DENIED**.

**DONE AND ORDERED** this 19th day of October, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:   Defendant, Counsel of Record